**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| OPTICAL DEVICES, LLC | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| SHARP ELECTRONICS CORP. and | ) | **COMPLAINT FOR PATENT** |
| SHARP CORP., | ) | **INFRINGEMENT** |
| | ) | |
| *Defendants.* | ) | **JURY TRIAL DEMANDED** |
| | ) | |

1.       Plaintiff Optical Devices, LLC ("Optical Devices" or "Plaintiff"), by and through its attorneys, hereby demands a jury trial and complains of Defendants Sharp Electronics Corp. and Sharp Corp. ("Defendants") as follows:

2.       This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.,* to obtain damages and injunctive relief resulting from Defendants' unauthorized manufacture, use, sale, offer to sell and/or importation into the United States for subsequent use or sale of products, methods, processes, services and/or systems that infringe one or more claims of United States Patent Nos. RE40,927 ("the '927 Patent," attached as Exhibit A); RE42,913 ("the '913 Patent," attached as Exhibit B); RE43,681 ("the '681 Patent," attached as Exhibit C); 7,839,729 ("the '729 Patent," attached as Exhibit D); 6,809,995 ("the '995 Patent," attached as Exhibit E); and 6,847,597 ("the '597 Patent," attached as Exhibit F) (collectively the "Asserted Patents").

3.       This action is for direct infringement. On information and belief, Defendants manufacture, use, sale, offer for sale, and/or import into the United States products,

services, methods, processes, services and/or systems that infringe the Asserted Patents either literally or under the doctrine of equivalents.

4.      In addition, this is an action for indirect infringement. On information and belief, Defendants contribute to or induce the direct infringement of products, services, methods, processes, services and/or systems claimed in the Asserted Patents.

## THE PARTIES

5.      Plaintiff is a Delaware limited liability company having a place of business at 20 Depot Street, Suite 2A, Peterborough, NH 03458.

6.      Plaintiff is the exclusive licensee of all substantial rights, title and interest in and to the Asserted Patents.

7.      Upon information and belief, Defendant Sharp Electronics Corp. is a New York corporation headquartered at Sharp Plaza, Mahwah, New Jersey 07495-1163 and is a wholly-owned subsidiary of Defendant Sharp Corp. which is organized under the laws of Japan and has a principal place of business at 22-22 Nagaike-cho, Abeno-ku, Osaka 545-8522, Japan.

8.      Plaintiff has been and will continue to be irreparably harmed by Defendants' infringement of the Asserted Patents.  Moreover, Defendants' unauthorized and infringing uses of Plaintiff's patented systems and methods have threatened the value of this intellectual property because Defendants' conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and/or importing the patented inventions.

9.      Defendants' disregard for Plaintiff's property rights threatens Plaintiff's relationships with potential licensees of Plaintiff's patents, including the Asserted Patents.  The

Defendants will derive a competitive advantage over any of Plaintiff's future licensees from infringing Plaintiff's patented technology.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this case pursuant to 18 USC §§ 1331 and 1338(a).

11.     Upon information and belief, Defendants are subject to personal jurisdiction in the state of Delaware because they individually, or through one or more subsidiaries or affiliates, purposefully conduct systematic and continuous business in this judicial district by, among other things, offering products, including the accused products, to customers located in this judicial district.  In addition, the Defendants have committed acts of direct infringement of one or more of the claims of the Asserted Patents in this judicial district.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because the Defendants are subject to personal jurisdiction in this district, and have committed acts of infringement in this district. Venue is also proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c), and because Defendant Sharp Corp. is an alien that may be sued in any district.

## COUNT I
### (Infringement of United States Patent No. RE40,927)

13.     Paragraphs 1 through 12 are incorporated by reference as if fully restated herein.

14.     Upon information and belief, Defendants directly infringe the '927 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products, services, methods, processes, services and/or systems claimed in the '927 Patent.  For example, on information and belief, Defendants make,

use, sell, offer for sale, and/or import Blu-Ray players, including the BD-AMS20U, which directly infringe one or more of the claims of the '927 Patent. Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the '927 Patent through their customers' use of the Blu-Ray players, including the BD-AMS20U.

15.     Upon information and belief, Defendants' infringement of one or more of the claims of the '927 Patent is willful and deliberate.

16.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

17.     Plaintiff is entitled to recover damages adequate to compensate for the infringement including treble damages for willful infringement.

## COUNT II
### (Infringement of United States Patent No. RE42,913)

18.     Paragraphs 1 through 12 are incorporated by reference as if fully restated herein.

19.     Upon information and belief, Defendants directly infringe the '913 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products, services, methods, processes, services and/or systems claimed in the '913 Patent. For example, on information and belief, Defendants make, use, sell, offer for sale, and/or import Blu-Ray players, including the BD-AMS20U, which directly infringe one or more of the claims of the '913 Patent. Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the '913 Patent through their customers' use of the Blu-Ray players, including the BD-AMS20U.

20.     Upon information and belief, Defendants' infringement of one or more of the claims of the '913 Patent is willful and deliberate.

21.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

22.     Plaintiff is entitled to recover damages adequate to compensate for the infringement including treble damages for willful infringement.

**COUNT III**
**(Infringement of United States Patent No. RE43,681)**

23.     Paragraphs 1 through 12 are incorporated by reference as if fully restated herein.

24.     Upon information and belief, Defendants directly infringe the '681 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products, services, methods, processes, services and/or systems claimed in the '681 Patent.  For example, on information and belief, Defendants make, use, sell, offer for sale, and/or import Blu-Ray players, including the BD-AMS20U, which directly infringe one or more of the claims of the '681 Patent.  Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the '681 Patent through their customers' use of the Blu-Ray players, including the BD-AMS20U.

25.     Upon information and belief, Defendants' infringement of one or more of the claims of the '681 Patent is willful and deliberate.

26.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

27.     Plaintiff is entitled to recover damages adequate to compensate for the infringement including treble damages for willful infringement.

## COUNT IV
### (Infringement of United States Patent No. 7,839,729)

28.     Paragraphs 1 through 12 are incorporated by reference as if fully restated herein.

29.     Upon information and belief, Defendants directly infringe the '729 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products, services, methods, processes, services and/or systems claimed in the '729 Patent.  For example, on information and belief, Defendants make, use, sell, offer for sale, and/or import Blu-Ray players, including the BD-AMS20U, which directly infringe one or more of the claims of the '729 Patent.  Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the '729 Patent through their customers' use of the Blu-Ray players, including the BD-AMS20U.

30.     Upon information and belief, Defendants' infringement of one or more of the claims of the '729 Patent is willful and deliberate.

31.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

32.     Plaintiff is entitled to recover damages adequate to compensate for the infringement including treble damages for willful infringement.

## COUNT V
### (Infringement of United States Patent No. 6,809,995)

33.     Paragraphs 1 through 12 are incorporated by reference as if fully restated herein.

34. Upon information and belief, Defendants directly infringe the '995 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products, services, methods, processes, services and/or systems claimed in the '995 Patent. For example, on information and belief, Defendants make, use, sell, offer for sale, and/or import Blu-Ray players, including the BD-AMS20U, which directly infringe one or more of the claims of the '995 Patent. Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the '995 Patent through their customers' use of the Blu-Ray players, including the BD-AMS20U.

35. Upon information and belief, Defendants' infringement of one or more of the claims of the '995 Patent is willful and deliberate.

36. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

37. Plaintiff is entitled to recover damages adequate to compensate for the infringement including treble damages for willful infringement.

## COUNT VI
## (Infringement of United States Patent No. 6,847,597)

38. Paragraphs 1 through 12 are incorporated by reference as if fully restated herein.

39. Upon information and belief, Defendants directly infringe the '597 Patent, either literally or under the doctrine of equivalents, by making, using, selling, offering to sell, and/or importing into the United States products, services, methods, processes, services and/or systems claimed in the '597 Patent. For example, on information and belief, Defendants make, use, sell, offer for sale, and/or import Blu-Ray players, including the BD-AMS20U, which

directly infringe one or more of the claims of the '597 Patent.  Likewise, upon information and belief, Defendants contribute to or induce the direct infringement of one or more claims of the '597 Patent through their customers' use of the Blu-Ray players, including the BD-AMS20U.

40.     Upon information and belief, Defendants' infringement of one or more of the claims of the '597 Patent is willful and deliberate.

41.     Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering to sell and importing the patented inventions.

42.     Plaintiff is entitled to recover damages adequate to compensate for the infringement including treble damages for willful infringement.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, granting Plaintiff the following relief:

A.     That this Court adjudge and decree that the Defendants have infringed each of the Asserted Patents;

B.     That this Court permanently enjoin the Defendants, and their parents, subsidiaries, affiliates, successors and assigns, and each of their officers, directors, employees, representatives, agents, attorneys and all persons acting in concert or active participation with, or on their behalf, or within their control, from making, using, selling, offering to sell, importing, or advertising products and/or services and/or employing systems, software and/or components and/or making use of systems or processes that infringe any of the claims of the Asserted Patents, or otherwise engaging in acts of infringement of the Asserted Patents, all as alleged herein;

    C.  That this Court order an accounting, including a post-verdict accounting, to determine all damages and costs to be awarded Plaintiff as a result of Defendants' infringement;

    D.  That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against the Defendants that is adequate to compensate Plaintiff for said infringement; said damages to be no less than a reasonable royalty and costs;

    E.  That this Court award enhanced damages, up to and including trebling of Plaintiff's damages, pursuant to 35 U.S.C. § 284 for willful infringement by Defendants;

    F.  That this Court assess pre-judgment interest and costs against the Defendants, together with an award of such interest and costs;

    G.  That this Court declare this case to be exceptional and direct Defendants to pay Plaintiff's attorneys' fees incurred in connection with this lawsuit pursuant to 35 U.S.C. § 285;

    H.  That this Court grant such other and further relief as the Court may deem just and proper under the circumstances.

## JURY DEMAND

43.     Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  January 25, 2013

Respectfully submitted,

 /s/ *James G. McMillan, III*
Pepper Hamilton LLP
Edmond D. Johnson (No. 2257)
James G. McMillan, III (No. 3979)
Hercules Plaza, Suite 5100
1313 Market Street, P.O. Box 1709
Wilmington, DE 19899-1709
(302) 777-6500

William D. Belanger
Robert A. Brooks
Noah Malgeri
Pepper Hamilton LLP
19th Floor, High Street Tower
125 High Street
Boston, MA 02110-2736
(617) 204-5100

Goutam Patnaik
Pepper Hamilton LLP
Hamilton Square
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2004
(202) 220-1200

*Attorneys for Plaintiff Optical Devices, LLC*